UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LEROY J. BLAZE, JR. | CIVIL ACTION NO. 6:16-cv-01552 |
| VERSUS | JUDGE JAMES |
| McMORAN OIL & GAS, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending is the plaintiff's motion to compel Dr. Douglas A. Bernard, a nonparty to the suit, to produce records and documents pursuant to a records subpoena. (Rec. Doc. 76). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED IN PART.

Since the filing of the motion to compel, the plaintiff has significantly narrowed his requests and is now seeking to have Dr. Bernard produce "[c]opies of all independent medical-examination ("IME") reports, redacted to protect the examinee's or person's names, whom you interviewed and/or examined and/or tested during 2017 to date as part of your legal and/or workers' compensation cases." (Rec. Doc. 92 at 2). Dr. Bernard objected to the plaintiff's original requests on the basis that they were overly broad and unduly burdensome and on the basis that production of the requested documents would violate HIPAA.

This Court finds that the requested information is relevant and that production of the requested documents is proportional to the needs of the case, as is required by Fed. R. Civ. P. 26. Particularly as revised, the request for the production of documents now at issue is reasonable and compliance with the request will not impose on Dr. Bernard an unduly onerous or burdensome task. This Court has viewed unredacted records produced by Dr. Bernard in an unrelated case and is convinced that redacting the requested documents will not be such an arduous process as Dr. Bernard suggests.

As to the suggestion of HIPAA violations, all that is required is that the records be copied and that each person's personal identifiers, i.e., name, Social Security Number, birthdate, telephone number and patient identification number be removed. Therefore, this Court finds that no HIPAA violation will occur once the documents are properly redacted to remove the personal identifier information noted above since Dr. Bernard was not those persons' treating physician but merely provided a second or independent opinion regarding their medical conditions. Therefore, Dr. Bernard shall produce the requested records not more than thirty days after the date of this ruling.

As to the claim of being over burdensome because of the costs involved, this Court finds that it would be inequitable to require the plaintiff to bear the entire cost for the production of the documents requested of Dr. Bernard; to the contrary, equity

requires that Dr. Bernard bear at least some part of the cost of preparing and producing the requested documents. In supplements to the record it turns out there are 159 reports that total 538 pages. Dr. Bernard contends that the copying costs are $0.17 per page which totals $91.46. This is a cost appropriately born by a professional such as Dr. Bernard who routinely provides independent medical examinations and second opinions in cases being litigated. Dr. Bernard is compensated for those services and he should anticipate that he will be asked to produce the records requested in this case.

As to the cost to Dr. Bernard in lost time and productivity associated with the redaction process, Dr. Bernard contends it will take someone who charges over $40.00 per hour nearly 90 hours to do the redactions which will then have to be verified as compliant with redaction standards. That cost is over $22,000.00. The plaintiff contends that it would only take about 18 hours to do the same thing and it could be done by a person being paid minimum wage. The Court finds neither argument completely persuasive.

This Court will not require Dr. Bernard to hire additional staff, with all that is attendant to that endeavor, for the sole purpose of answering a discovery request. Nor will this Court visit upon the plaintiff the entire amount of the costs requested. Therefore, the Court will impose on the plaintiff the obligation to reimburse Dr. Bernard the sum of $800.00, representing 20 hours work at $40.00 per hour (or put

another way, 89 hours at $9.00 per hour), which this Court finds to be a reasonable amount to compensate Dr. Bernard for his office staff's work in producing and redacting the records for the individuals that he has seen only for IME purposes associated with litigation in 2017. This sum shall be paid to Dr. Bernard (or his counsel if he deems it appropriate) when he delivers the requested documents to the plaintiff's counsel.

Fed. R. Civ. P. 37 states that when a motion to compel is granted, the court must require the person whose conduct led to the motion to pay the mover's reasonable expenses and attorneys' fees incurred with regard to preparing and filing the motion. However, although this part of the motion was granted, it was only granted in part as were other aspects of the motion and this Court therefore has discretion. In this case, the parties have not submitted documentation of time or costs incurred and this Court will not entertain the submission of any such documentation as the request for attorney's fees and costs is denied.

Therefore, IT IS ORDERED that the motion to compel is granted in the following respects:

(1) Dr. Bernard is to produce the 179 reports he identified as responsive to the plaintiffs' request within 30 days of this Order;

(2) Dr. Bernard is to bear the entirety of the copying costs and a portion of the redaction costs;

(3) The plaintiff is to reimburse Dr. Bernard $800.00 upon receipt of the requested records; and

(4) The claim for attorney's fees is denied.

Signed at Lafayette, Louisiana, this 2nd day of May 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE